**Eric Lee KESTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–96–00707–CR.

Court of Appeals of Texas,
Dallas.

June 10, 1999.

Rehearing Overruled July 26 1999.

Gary A. Udashen, Milner, Lobel, Goranson, Sorrells, Udashen & Wells, Dallas, for Appellant.

Lori L. Ordiway, Assistant District Attorney, Dallas, for State.

Before Justices MALONEY, WHITTINGTON, and ROACH.

## OPINION

FRANCES MALONEY, Justice.

A jury convicted Eric Lee Kesterson of aggravated sexual assault and assessed a sixty year sentence. Appellant raises twelve points of error. In his first point of error, he argues the trial court erred in excluding certain testimony of Dr. Donald Lammers, the psychologist appointed by the Texas Department of Protective and Regulatory Services. Because we hold the trial court erred in denying appellant's right to cross-examine Lammers, we reverse the trial court's judgment and remand this cause for a new trial.

## BACKGROUND

Complainant was five years old when the alleged assault occurred and seven years old and in the second grade at the time of trial. She accused her stepfather of having sexual intercourse with her and forcing her to participate in fellatio.

## CROSS–EXAMINATION

In his first point of error, appellant complains the trial court erred in excluding Lammers's testimony that complainant told him another relative had sexually assaulted her. The State responds that the testimony was inadmissible under Texas Rule of Criminal Evidence 412.

### 1. Standard of Review

We reverse a trial court's decision to exclude evidence only if the trial court abused its discretion. *Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex.Crim. App.1999); *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim.App.1990); *Holloway v. State*, 751 S.W.2d 866, 870 (Tex.Crim.App.1988); *Wofford v. State*, 903 S.W.2d 796, 799 (Tex.App.-Dallas 1995, pet. ref'd). A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993); *Wofford*, 903 S.W.2d at 799.

### 2. Applicable Law

Texas favors the admissibility of all relevant evidence. *Mozon*, at 847–48; *Montgomery*, 810 S.W.2d at 389; *Fletcher v. State*, 852 S.W.2d 271, 277 (Tex.App.—Dallas 1993, pet. ref'd). Moreover, we presume relevant evidence to be more probative than prejudicial. *Fletcher*, 852 S.W.2d at 277. Most relevant evidence offered by one party will be prejudicial to the opposing party. *Id.* The trial court can exclude relevant evidence if its unfair prejudice outweighs its probative value. TEX.R.CRIM. EVID. 403 & 412(b)(3) (former rules).[1] To determine whether to exclude relevant evidence, the trial court balances the probative value against the prejudicial value. *Montgomery*, 810 S.W.2d at 389; *Fletcher*, 852 S.W.2d at 277.

Under rule 403, the trial court may also exclude relevant evidence that would confuse the issues, mislead the jury, cause undue delay, or needlessly present cumulative evidence. Rule 412, the "rape shield

1. This case was tried before the March 1, 1998 merger of the Texas Rules of Criminal Evidence and the Texas Rules of Civil Evidence. We analyze the case under the evidentiary rules in effect at the time of trial- April 1996.

law," governs the admissibility of a complainant's previous sexual conduct in a sexual assault prosecution. TEX.R.CRIM. EVID. 412; see Wofford, 903 S.W.2d at 798. It protects a complainant's previous sexual conduct from exposure, except in limited circumstances. TEX.R.CRIM. EVID. 412; see Wofford, 903 S.W.2d at 798. Rule 412 includes an exception for testimony "constitutionally required to be admitted." TEX.R.CRIM. EVID. 412(b)(2)(E).

■■■ The United States Constitution provides, in part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Fourteenth Amendment to the United States Constitution makes the right to confrontation applicable to the states. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Confrontation Clause ensures "the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." See Maryland v. Craig, 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Cross-examining an adverse party allows the jury to assess a witness's credibility and exposes facts which the jury may use in its assessment. See Carroll v. State, 916 S.W.2d 494, 497 (Tex.Crim.App.1996). While the Sixth Amendment protects an accused's right to cross-examine witnesses, it does not prevent a trial judge's limiting cross-examination on "concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); see also Carroll, 916 S.W.2d at 498.

■■■ When the trial court improperly denies an accused's opportunity to cross-examine a State's witness, we determine whether that denial harmed him. TEX.

R.APP. P. 44.2(a); Love v. State, 861 S.W.2d 899, 904 (Tex.Crim.App.1993); Shelby v. State, 819 S.W.2d 544, 547 (Tex. Crim.App.1991). We analyze harm under the Van Arsdall standard. Van Arsdall, 475 U.S. at 684, 106 S.Ct. 1431; Love, 861 S.W.2d at 904; Shelby, 819 S.W.2d at 547. We first assume that "the damaging potential of the cross-examination was fully realized." Shelby, 819 S.W.2d at 547; Alexander v. State, 949 S.W.2d 772, 775 (Tex. App.-Dallas 1997, pet. ref'd). We then review the error in light of (1) the importance of the witness's testimony in the prosecution's case; (2) the cumulative nature of the testimony; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. Shelby, 819 S.W.2d at 547; Alexander, 949 S.W.2d at 775.

### 3. Application of Law to Facts

Appellant's theory of the case was that complainant was confused about which man, if any, committed the sexual assault. During her interview with Lammers, she had accused another relative of sexually abusing her. The other male relative had access to complainant and disappeared before trial. Appellant sought to introduce complainant's statement that another relative sexually abused her through cross-examining Lammers, the State's psychologist.[2] The prosecution argued rule 412 excluded any references to any other sexual abuse. The trial court excluded the evidence relying on both rule 412 and rule 403.

#### a. The Testimony

Complainant has a borderline IQ, above the retarded range and below the normal range. She has attention deficit disorder and takes Ritalin. Her kindergarten

---

2. Appellant also sought, unsuccessfully, to have complainant's statement admitted

through direct examination of appellant's retained psychologist and complainant.

teacher, elementary school principal, current neighbor, and a former neighbor testified that complainant has a reputation for telling false stories.

Complainant testified that the prosecutor and protective services case worker helped her remember what happened. She did not remember how many times the alleged acts occurred. Her testimony on whether her mother was present during the sexual acts varied depending solely on which lawyer questioned her.

The State called Lammers to testify. He conducted a psychological evaluation of complainant at the request of the Texas Department of Protective and Regulatory Services. On the basis of his interview with complainant, he opined that her behavior was consistent with a child who had suffered sexual abuse. That interview included the child's statement that she accused appellant and, unknown to the jury, another relative of sexual abuse.

Appellant requested an in camera hearing as required by rule 412(c) to determine whether complainant's accusing another relative of sexual assaults was admissible. After the hearing, the trial court denied appellant's questioning any witness about another relative sexually assaulting complainant.

Appellant argued before the trial court that, at the time in question, appellant, the other male relative, and complainant lived together. Complainant had testified that appellant and the other male relative were never at home at the same time. "In [complainant's] mind it was always just one man in the home, either [the other male relative] or [appellant]." Additionally, she testified that the other male relative never touched her.

### b. Rule 403

■ The court of criminal appeals recently re-examined a reviewing court's role in rule 403 analysis. *Mozon,* at 847. We must review both the evidence's relevance and appellant's need for the evidence. *Id.*

■ We analyze whether the trial court could have excluded complainant's statement under the balancing test of rule 403. Had the jury known complainant had accused the other male relative of sexual abuse, the jury could have concluded that the other man sexually assaulted the complainant. The complainant had a reputation for telling false stories. Her version of facts varied depending upon which attorney was questioning her. Unquestionably, this evidence was relevant.

■ In determining appellant's need for the evidence, we consider (1) how compellingly the evidence makes a consequential fact more or less probable, (2) the evidence's potential to impress the jury in an irrational way, and (3) whether other evidence is available to prove the consequential fact at issue.[3]

■ Here, the trial court barred appellant from introducing potentially exculpatory evidence. The State conceded the importance of Lammers's testimony. His testimony buttressed complainant's testimony that she had been sexually assaulted. Because the jury was not aware she had accused another relative of sexually abusing her, appellant was singled out as the man who assaulted her. Accordingly, the excluded evidence was probative of a consequential fact-whether appellant committed the alleged sexual assault. Appellant's need for the evidence was strong.

That complainant told Lammers she had been abused by another male relative re-

---

3. *Mozon* provides criteria for determining whether, in admitting an extraneous offense, its prejudice outweighs its probative value. *Mozon,* at 847 (citing *Santellan v. State,* 939 S.W.2d 155, 169 (Tex.Crim.App.1997); *Montgomery,* 810 S.W.2d at 389–90). *Mozon, Santellan,* and *Montgomery* address the exclusion

of extraneous offenses. We adapted the factors to apply them to the exclusion of potentially exculpatory evidence. In addition, our harm discussion under *Van Arsdall* provides further analysis of the importance of the excluded evidence.

lates directly to appellant's theory that complainant may have been confused about who abused her. We conclude the evidence would not tend to impress the jury in an irrational way.

Although appellant sought to introduce this evidence through his expert, complainant, and Lammers, the trial court prevented him from doing so. Because the trial court barred appellant from introducing this evidence from each potential source, no other evidence was available to prove the possibility that complainant was sexually assaulted by someone other than appellant. Appellant's need for the evidence is strengthened in that it was not cumulative of other evidence.

That the jury must decide a difficult question does not render evidence inadmissible under rule 403. To the contrary, "[r]ule 403 creates a presumption of admissibility of all relevant evidence and authorizes a trial judge to exclude such evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Mozon,* at 847. Complainant's statement to Lammers that another relative sexually abused her may have prejudiced the State's case against appellant. But, the evidence was not *unfairly* prejudicial because it would not have improperly influenced the factfinder's decision. *See id.* at 848 n. 7, (citing *Montgomery,* 810 S.W.2d at 389). This evidence would not have confused the issue or misled the jury. A jury is readily capable of determining whether appellant sexually assaulted the complainant. Accordingly, the trial court abused its discretion by excluding this evidence under rule 403.

**4.** Assuming rule 412 was ever intended to classify sexual assault of a five year old child as "past sexual behavior of a victim," the facts in this case meet the exception of 412(b)(2)(E).

**5.** The balancing test of rule 412(b)(3) provides that a victim's "past sexual behavior" is not

### c. Rule 412(b)(3)

We also analyze whether the trial court could have excluded complainant's statement under the balancing test of rule 412(b)(3).[4] Under rule 412, we are left with the question of whether this evidence's probative value outweighed its prejudicial value.[5] We have concluded the jury could determine whether appellant sexually assaulted the complainant. Moreover, no rational jury would conclude a five year old child was promiscuous or consented, in any way, to sexual assault. For the same reasons that we conclude the trial court abused its discretion under rule 403, we conclude the trial court abused its discretion in excluding the evidence under rule 412(b)(3).

### CONFRONTATION

Next we determine whether the trial court's refusal to allow appellant to cross-examine Lammers on complainant's allegations of abuse by another violated appellant's Sixth Amendment right to confront witnesses. We also determine whether the error was harmful.

### 1. The Right to Confront

The jury had only the expert's testimony that complainant had been sexually abused and complainant accused appellant of that abuse. Lammers's bare testimony, without more, that the child's behavior was consistent with a child who had been abused effectively strengthened complainant's testimony that appellant did it. The trial court's refusal to allow appellant to cross-examine Lammers on the child's statements that another relative had abused her violated appellant's constitutional right to cross-examine witnesses.

admissible unless, "its probative value outweighs the danger of unfair prejudice." The language of this test differs from rule 403, which provides relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice...."

**296** 

 Even a constitutional violation requires us to determine whether the error harmed appellant. *Van Arsdall* instructs that we must assume the jury heard Lammers's testimony that complainant accused another male relative of sexual abuse. *Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431. We then consider the *Van Arsdall* factors to determine whether appellant was harmed by the trial court's excluding the evidence. *See Shelby*, 819 S.W.2d at 547; *Alexander*, 949 S.W.2d at 775. The State concedes the importance of the State's psychologist's, Lammers, testimony to its case.

At trial, appellant sought to have complainant's statement admitted through cross-examining Lammers. The prosecution successfully excluded all references to complainant's statements that another relative had abused her. The testimony which appellant sought through cross-examining the State's psychologist was not cumulative. Although appellant was permitted to cross-examine Lammers, the trial court did not allow him to question him on whether someone else could have sexually abused her.

The only corroborating evidence was from complainant's great-grandmother who testified that complainant would call out "something" about appellant while having nightmares. As corroborating evidence, the great-grandmother's testimony was, at best, weak.

The complainant's credibility had been challenged by a number of independent witnesses. In addition, appellant testified that the alleged abuse did not occur.

Lammers's testimony that complainant accused another male relative of molesting her would have allowed the jury to determine whether appellant or another had sexually abused complainant. After considering the entire record, we cannot conclude beyond a reasonable doubt that the trial court's improperly limiting appellant's fundamental right to cross-examine witnesses was harmless. Because we sustain appellant's first point of error, we need not address his remaining points. Tex.R.App. P. 47.1.

We reverse the trial court's judgment and remand the cause for a new trial.