OLIVARES V STATE

NO. 07-99-0331-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

 JUNE 1, 2001

______________________________

FRANCISCO I. OLIVARES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-427565; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting a single issue for our review, appellant Francisco I. Olivares challenges his conviction of the second degree felony offense of indecency with a child and punishment of four years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant complains of the exclusion of evidence of accusations of similar conduct the victim made against two other relatives.  For the reasons stated herein, we affirm.

In November 1996, the victim, M.O., informed her elementary school counselor, Edwina Townsend, that appellant, her grandfather, was “being gross with me.”  M.O.’s mother was called to the school, where the child stated appellant had touched her in a bad way.  The counselor reported the statements to Children’s Protective Services (CPS) the same day.  A caseworker at CPS did not interview M.O. until January 8, 1997.  As a result of a medical examination performed February 5, 1997, there was testimony at trial of findings “consistent with” penetration, attempted penetration, blunt force trauma and sexual abuse.  However, the findings did not conclusively show abuse.  

In April 1997, M.O. began seeing Julie Johnson, a counselor, about the events giving rise to this prosecution.  On June 3, 1997, Officer Randy Wright of the Shallowater Police Department called Johnson about the possibility that M.O. had been sexually abused by others.  When Johnson asked M.O. if anyone else had done something similar, M.O. named an uncle and a cousin.  Johnson reported this back to Officer Wright who, in turn, forwarded the information to the Lubbock Police Department because the incidents were alleged to have occurred in Lubbock.

Appellant was charged with aggravated sexual assault.  At his jury trial, he sought to introduce evidence that M.O alleged sexual abuse by the uncle and cousin through the testimony of Wright and Johnson.  Appellant argued the evidence was relevant to M.O.’s credibility.  He also argued Rule of Evidence 412 did not bar introduction of the evidence because it only showed M.O. made allegations of abuse and was not evidence of prior sexual conduct.  The trial court excluded the evidence over appellant’s claims that admission was required by the confrontation clause of the sixth amendment to the federal constitution and article I, section 10 of the Texas constitution.  The jury found appellant guilty of the lesser-included offense of indecency with a child.  Appellant now challenges the trial court’s ruling excluding the evidence of additional allegations of sexual abuse.

The decision to admit or exclude evidence is committed to the discretion of the trial court.  
Mozon v. State,
 991 S.W.2d 841, 846 (Tex.Crim.App. 1999).  That discretion is, of course, subject to the constraints of the Rules of Evidence, statutes, and state and federal constitutions.  
See
 Tex. R. Evid. 101(c).  Where application of a rule of evidence would violate a constitutional right, the rule must yield.  
Id.
; 
Lopez v. State
, 18 S.W.3d 221, 222 (Tex.Crim.App. 2000).  The confrontation clause of the sixth amendment to the federal constitution and article I, section 10 of the Texas constitution guarantee criminal defendants the right to cross-examine witnesses against them.  It is designed to ensure the “reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.”  
Kesterson v. State
, 997 S.W.2d 290, 293 (Tex.App.--Dallas 1999, no pet.).  Confrontation clause challenges must be considered on a case-by-case basis, balancing the defendant’s right to cross-examination against risk factors of admission.  
Lopez
, 18 S.W.3d at 222.  Balanced against the probative value of the evidence are considerations of harassment, confusion of the issues, unfair prejudice, the witness’s safety and whether the evidence is cumulative.  
Id. 
 
See also Delaware v. Van Arsdall
, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).  

In support of his position that admission of the disputed evidence was required, appellant emphasizes the crucial importance of the party’s credibility due to the lack of strong physical evidence.  Appellant’s theory at trial was that M.O. made the allegations against both appellant and her other relatives in an effort to get attention.  Appellant cites 
Polvado v. State
, 689 S.W.2d 945 (Tex.App.--Houston [14th Dist.] 1985, pet. ref’d), for the proposition that “no charge is more easily made and more difficult to disprove than a sex charge, particularly if made by a young child.”  
Id.
 at 950.  This contention was expressly rejected by the Court of Criminal Appeals in 
Lopez
, 18 S.W.3d at 224.

Citing 
Hughes v. State
, 850 S.W.2d 260 (Tex.App.--Fort Worth 1993, pet. ref’d), the State contends appellant must show that extraneous accusations of abuse are false before they may be admitted to challenge the complainant’s credibility.  Several cases considering factually similar situations have reached this result, though their analysis varied.  
Hughes
 considered the exclusion of two other allegations of sexual abuse.  
Id.
 at 262.  The parties admitted there was nothing to show if the allegations were true or false.  The court considered whether the questions were proper matters for cross-examination, and found they were not because, without a showing of falsity, it did not show an interest, bias or motive to be untruthful.  
Id.
 at 263.

In 
Lopez, supra
, the Court of Criminal Appeals considered the effect of Rule of Evidence 608(b) on the admission of evidence accusing others of abuse.  Rule 608(b) concerns the use of specific instances of conduct of a witness to attack or support their credibility.  It provides that, other than evidence of a crime shown in compliance with Rule 609, specific instances of conduct may not be raised on cross-examination or proved by extrinsic evidence.  The prior allegation in 
Lopez
 involved a claim by the complainant that his mother had physically abused him by throwing him onto a washing machine.  The Department of Human Services investigated the claim and “ruled out” abuse.  
Id.
 at 225.  On trial for a subsequent claim of sexual abuse, Lopez unsuccessfully sought to introduce the prior allegation to challenge the complainant’s credibility.  The court held the confrontation clause does not mandate a general exception to the limitation created by Rule 608(b), but rather, that each case must be considered individually.  
Id.
  There it found a “heightened need” for evidence on the issue of credibility because there was no physical evidence of the acts claimed.  However, it found the confrontation clause did not require admission of the evidence because 1) the prior allegation was not shown to be false, 2) the type of act alleged was unrelated to the subsequent allegation of sexual abuse, and 3) there was a high risk that it would unduly prejudice and confuse the jury.  
Id.
 at 225-26.

In 
Kesterson v. State
, 
supra
, the Dallas Court of Appeals considered the application of Rules of Evidence 403 and 412 in a similar case.  There, the defendant was denied the opportunity to cross-examine a psychologist about accusations of sexual abuse the five-year-old complainant made against another relative after the complainant testified at trial the other relative never touched her.  The State sought to exclude the evidence under Rule 403 and the “rape shield” provisions of Rule 412.  Rule 412 generally excludes evidence of a victim’s prior sexual conduct unless it meets one of the enumerated exceptions.  Those exceptions include evidence necessary to rebut or explain medical evidence that relates to the motive or bias of the alleged victim, or when admission is constitutionally required. Tex. R. Evid. 412.  

The evidence in 
Kesterson
 showed the complainant had a borderline IQ, and attention deficit disorder.  Her teacher, school principal, and two neighbors testified she had a reputation for telling false stories.  
Id.
 at 294.  The complainant’s testimony concerning the events varied depending on who was questioning her.  
Id.
  Because of the evidence concerning the complainant’s reputation for truthfulness, and the defendant’s theory that she was confused about who committed the assault, the appellate court found the evidence admissible under Rule 403.  
Id.
 at 295.  Recognizing that Rule 412 is designed to prevent factfinders from inferring consent from a complainant’s prior 
consensual
 sexual behavior, the court found that rule did not bar evidence of other allegations of sexual abuse by a child.  
Id.
  Without specifically discussing whether there was evidence that the other allegation of sexual abuse was false, the Dallas court concluded the trial court erred in excluding that evidence and the error was harmful.  
Id.
 at 295-96.

Here, the parties do not specifically address Rules of Evidence 403, 412, or 608(b), but simply discuss whether there was evidence the other allegations of abuse were false.  We believe such a simplistic test ignores the balancing process set out by the Court of Criminal Appeals in 
Lopez
.  We disagree that 
Hughes
 holds there is a bright line rule that the falsity of a specific allegation must be established before evidence of that allegation may be introduced.  Evidence of extraneous allegations of abuse are only probative of the complainant’s credibility to the degree the evidence shows the allegations may be false.  As illustrated in 
Kesterson
, disproving a specific allegation of abuse is not the only way to show the allegation is relevant to the appellant’s credibility.  Other factors, such as reputation for truth and veracity and the similarity of the allegations may be considered.  
See Kesterson
, 997 S.W.2d at 294.  

As in 
Lopez
, there was a heightened need for evidence of M.O.’s credibility because the physical evidence was inconclusive.  There was evidence of  M.O.’s possible motive for fabricating  the allegation against appellant in that she required a great deal of attention.  Additionally, the extraneous allegation here was very similar to that made against appellant.  There was no evidence that M.O. had a reputation for being untruthful.  We do not agree that the lack of investigation of the other allegation is evidence that it was false.  
See Lopez
, 18 S.W.3d at 225.  There was a risk that admission of the evidence would have contributed to confusion of the issues. 

Without evidence that the other allegation was false, it was not probative of M.O.’s credibility.  Appellant was allowed to argue and present evidence of M.O.’s need for attention and his theory that it provided the motivation for her claim against him.  We hold the exclusion of the extraneous allegation evidence did not violate appellant’s constitutional right of confrontation.  Because he has not argued that the Texas constitution affords any greater protection than the sixth amendment, no separate discussion of that claim is necessary.  
See Murdock v. State
, 840 S.W.2d 558, 564 (Tex.App.--Texarkana 1992, pet. denied in part and vacated on other grounds) (holding article I, section 10 of Texas constit-ution affords no greater right to confrontation than sixth amendment).  We overrule appellant’s issue and affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.