# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
**NO. 03-01-00020-CR**
**NO. 03-01-00021-CR**
===============

**Kendrick Hughes, Appellant**

**v.**

**The State of Texas, Appellee**

=================================================================
**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT**
**NOS. A-00-0037-S & A-00-0038-S, HONORABLE TOM GOSSETT, JUDGE PRESIDING**
=================================================================

Appellant Kendrick Hughes simultaneously appeals two convictions for sexual assault. *See* Tex. Pen. Code Ann. § 22.011(a)(1)(A) (West Supp. 2001). The jury assessed his sentence at five years' imprisonment and a $5000 fine for each offense. The court suspended the imposition of both sentences and fines and placed appellant on community supervision for a period of five years. He appeals to this Court, asserting six complaints. We will affirm the judgments of the trial court.

## BACKGROUND

On October 9, 1999, a group of people gathered at the apartment of Kendrick Hughes. Hughes shared the apartment with his girlfriend, Veronica Bettancourt, and his friend, Donovan Gross. Among those present were Hughes, Gross, Bettancourt, and two of her friends, complainants

J.M. and N.A. By the time two other friends, Marqus Williams and Angela Fraire, arrived a few hours later, all five individuals at the apartment were intoxicated.[1]

At some point during the evening, Hughes had sexual contact with both complainants. Criminal sexual assault charges were filed against Hughes, who admitted having sexual contact with both young women and issued a statement to that effect to the San Angelo Police Department. The two cases were consolidated and proceeded to trial in October 2000. The jury found Hughes guilty of both offenses, described as intentionally or knowingly causing the penetration of the female sexual organ of another person by any means, without that person's consent. *See* Tex. Pen. Code Ann. § 22.011(a)(1)(A). Appellant appeals both convictions.

## DISCUSSION

### *Venireperson Dismissal*

In his first issue, appellant complains that the trial court erred in excusing a venireperson without a motion to strike for cause. The record shows that the prospective juror was examined at some length before being released. In order to preserve this issue for appeal, appellant must have timely objected during *voir dire*, stating the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific ground was apparent from the context. *See* Tex. R. App. P. 33.1(a). Because the record reflects that appellant failed to object at the time of the venireperson's dismissal, or at any other time, this complaint was not

---

[1] Although the record is unclear as to the amount of alcohol consumed by each individual, it appears as though all five had been drinking and were intoxicated to varying degrees. The three females seem to have been most affected.

properly preserved for appeal. Thus, we have nothing to review, and appellant's first issue is overruled.

### *Sufficiency of the Evidence*

Appellant's second and third issues challenge the sufficiency of the evidence. He claims that the trial court erred in rendering a guilty verdict because there was insufficient evidence to support either conviction. Specifically, the charge stated that a sexual assault was considered to be without consent if: (A) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist, or (B) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring. *See* Tex. Pen. Code Ann. § 22.011(b)(3), (5).

Although appellant's brief is unclear as to whether he is challenging the legal or factual sufficiency of the evidence, appellant cites cases discussing factual sufficiency, and we will therefore assume this is the issue he intends to address. When reviewing factual sufficiency, we consider all the evidence in a neutral light. *Johnson v. State,* 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). We do not, however, substitute our judgment for that of the trier of fact and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Applying this test to the facts before us, we do not find the jury's verdict to be patently unjust or wrong. Because the evidence, including appellant's written confession, is factually sufficient to support both of the convictions, we overrule appellant's second and third issues.

*Prior Conduct of the Victim*

In his fourth issue, appellant claims that the trial court erred in not admitting evidence regarding J.M.'s previous sexual activity. We will reverse a trial court's decision to exclude evidence only if the court abused its discretion. *Kesterson v. State,* 997 S.W.2d 290, 292 (Tex. App.—Dallas 1999, no pet.). Because the evidence concerns only J.M., its exclusion would have no bearing on appellant's conviction in assaulting N.A.

A trial court will be found to have abused its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* at 292 (citing *Cantu v. State,* 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)). In deciding whether to admit the testimony of Ann Powell, a sexual assault nurse examiner who examined J.M., the court looked to Texas Rule of Evidence 412, which addresses evidence of previous sexual conduct in criminal cases. Under Rule 412, in a prosecution for sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is not admissible except in limited circumstances. Tex. R. Evid. 412(b); *Kesterson,* 997 S.W.2d at 293. During cross examination, appellant sought to question Nurse Powell about a "rape form" that J.M. had completed. On this form, J.M. indicated that she had had intercourse with an individual other than appellant during the ten days prior to the assault. Appellant wanted to introduce this evidence to the jury as a possible cause for the chafing shown by the physical exam conducted on J.M. after the assault.

Although appellant fails to state whether Nurse Powell's testimony falls under any exception to Rule 412, the only applicable exception would be that this evidence was necessary to rebut or explain scientific or medical evidence offered by the State. *See* Tex. R. Evid. 412(b)(2)(A).

4

However, because a reasonable person could find that evidence of J.M.'s prior sexual conduct was unnecessary to rebut or explain the medical testimony offered by the State, we cannot say that the trial court abused its discretion in excluding the evidence. Further, the probative value of the evidence is questionable. The physical evidence of sexual activity provided no indication as to whether J.M. had consented. In addition, even if the physical chafing could have resulted from an earlier encounter, appellant had already admitted to having intercourse with J.M. on the night in question. Thus, the alleged error in no way affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). Accordingly, appellant's fourth issue is overruled.

### *Voluntary Intoxication as a Defense*

In his fifth issue, appellant claims that the State erred in removing voluntary intoxication as a defense under section 8.04 of the Texas Penal Code. *See* Tex. Pen. Code Ann. § 8.04(a) (West Supp. 2001). Because appellant cites no authority in support of his contention, he fails to provide this court with an argument to consider. Tex. R. App. P. 38.1(h). Therefore, any complaint is waived. Even liberally construing appellant's fifth issue, we assume he is challenging the constitutionality of section 8.04(a), which states that voluntary intoxication does not constitute a defense to the commission of crime. Tex. Pen. Code Ann. § 8.04(a). At least one other court of appeals has held the statute constitutional. *See Smith v. State*, 968 S.W.2d 490, 495 (Tex. App.—Texarkana 1998, no pet.). When challenging the constitutionality of a statute, it is incumbent upon the defendant to show that the statute's operation is unconstitutional as to him in his situation. *Raby v. State*, 970 S.W.2d 1, 19 (Tex. Crim. App. 1998). Appellant has failed to demonstrate how section 8.04(a) is unconstitutional as it applies to him, and we are not persuaded that this section of

the penal code has operated in an unconstitutional manner. *Id.* at 12. For these reasons, we overrule appellant's fifth issue.

### *Failure to Grant a New Trial*

In his sixth issue, appellant claims that the trial court erred in failing to grant him a new trial. Again, appellant cites no authority in support of his complaint and thereby waives the issue. Tex. R. App. P. 38.1(h). Further, it is within the trial court's sound discretion to grant or deny a motion for new trial, and we will not disturb a trial court's decision unless it abused its discretion. *Salazar v. State,* 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); *Waller v. State,* 931 S.W.2d 640, 644 (Tex. App.—Dallas 1996, no writ). Appellant notes that the trial court did not grant him a hearing on the motion. However, the right to a hearing on a motion for new trial is not absolute. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); *Waller,* 931 S.W.2d at 644. The abuse of discretion standard also applies to the denial of an evidentiary hearing. *Waller,* 931 S.W.2d at 644. The trial court may be found to have abused its discretion when it denies, without conducting a hearing, a motion for new trial that raises matters outside the record. *Id.* at 644; *Kiser v. State,* 788 S.W.2d 909, 914 (Tex. App.—Dallas 1990, pet. ref'd). The trial court need not set a hearing if the motion for new trial raises matters which can be determined from the record. *Kiser,* 788 S.W.2d at 914. Appellant's motion for new trial did not raise any new issues; instead, he claimed insufficiency of the evidence, a matter which could be determined from the record. Because appellant did not raise an issue outside the record on which evidence was required, the trial court did not abuse its discretion in denying his motion for new trial without a hearing. Accordingly, we overrule appellant's sixth issue.

## CONCLUSION

For the reasons stated above, we overrule all of appellant's issues and affirm the trial court's ruling.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed on Both Causes

Filed:   November 15, 2001

Do Not Publish

7