IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0255-04






RAMON REYNA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


COLLIN COUNTY





 Keasler, J., delivered the opinion of the Court in which Keller, P.J., and Meyers,
Price, Hervey, and Cochran, JJ., joined. Holcomb, J., filed a dissenting opinion in Part
I of which Womack, J., joined and in which Johnson, J., joined in full.


O P I N I O N 



 At Ramon Reyna's trial, he attempted to introduce evidence which the trial judge
excluded. He did not argue that the Confrontation Clause demanded admission of the
evidence, but the Court of Appeals reversed the conviction on these grounds. We conclude
that the appellate court erred because Reyna, as the proponent of the evidence, was required
to offer the evidence for its admissible purpose, and he did not do so.

FACTS


 Reyna was charged with indecency with a child. At trial, after the State had examined
the victim, Reyna sought to introduce evidence of the victim's prior false allegation of sexual
assault and her recantation of that allegation. The judge conducted the following in camera
hearing:

 [DEFENSE COUNSEL]: Your Honor, for the record, the witness in front of
the Court now is named [the victim]. The question that I would put to her is
whether or not she was the victim of a sexual assault by a Mr. Miorga, her
mother's boyfriend. The date of the event would have occurred in 1995 or '96,
where she took her two siblings and ran across the street to another house to
report the sexual misconduct. And subsequent to that Angela was informed
by the children what had happened, and Grandma Pat Reyna was also informed
what had happened. And that after the incident was discussed amongst the
adults and the children, [the victim] would testify that it did not happen, and
that the allegation was false and no charges were filed against Mr. Miorga. 
The witnesses that also would testify similar to that testimony would be Pat
Reyna, the grandmother; Les Gage, the, I guess you call step-father; Angela
Rhea, [the victim]'s mother; Leslie Gage, [the victim]'s sister; and Joshua
Gage, is [the victim]'s brother.


 THE COURT: What you are saying is she would testify that she made an
allegation of sexual abuse against a man in '95, and then admitted that it didn't
happen, and she would testify it never happened?


 [DEFENSE COUNSEL]: That's correct.


 THE COURT: The purpose of bringing that in?


 [DEFENSE COUNSEL]: Credibility issue at this point in time, Your Honor. 
She's making similar allegations later on against another gentleman. And I'm
not offering it to prove the truth of the matter asserted. I'm not offering it to
go into her sexuality. I'm offering it to demonstrate that as to prior sexual
activities, that she made allegations that there were prior sexual allegations,
and recanted.


 THE COURT: State objects?


 [PROSECUTOR]: Yes.


 THE COURT: The objection is sustained.

The judge then ordered that the record of the hearing be sealed for appeal.

PROCEDURAL HISTORY


 The jury found Reyna guilty and assessed punishment at 10 years in prison and a
$10,000 fine. The judge followed the jury's recommendation to suspend the sentence and
placed Reyna on community supervision for 10 years.

 Reyna filed a motion for new trial arguing that "[e]vidence was withheld from the trier
of fact in violation of the laws of the State of Texas." He did not elaborate but cited
Kesterson v. State (1) and Fox v. State (2) in support. The motion was overruled by operation of
law.

 On appeal, Reyna argued in his third point of error that the trial court erred "in regards
to the matters of the hearing outside the presence of the jury." Within this point, he "urge[d]
any and all points of error from the sealed hearing." He argued he was "denied a fair and
impartial trial based upon the exclusion of evidence which was exculpatory in nature." And
he argued that he was denied his right to "fully cross examine critical witnesses, including
but not limited to the accusing witness." He offered no authority or argument in his brief,
although he did state that he brought "to the attention of the trial court" Kesterson and Fox. 

 The Court of Appeals resolved these arguments in Reyna's favor in a single sentence:
"Evidence that a complainant has made previous false allegations of sexual misconduct is
admissible." (3) The court cited but did not discuss Hughes v. State (4) and Thomas v. State. (5)

 The State moved for rehearing and simultaneously filed a motion to view the sealed
record. The Court of Appeals granted the motion to view the record but overruled the motion
for rehearing. 

 We granted the State's petition for discretionary review on four grounds.

ANALYSIS


Sealed Record


 The State argues in its first ground for review that the Court of Appeals erred in
reversing the judgment without unsealing the record. The State contends that, since the in
camera hearing never should have been sealed in the first place, the Court of Appeals should
have unsealed the record and allowed the parties to review it and brief the issues accordingly. 
In lieu of that, the State argues, the Court of Appeals should have independently reviewed
the record and determined whether any issues were preserved. 

 We agree that the appellate court should have unsealed the record. As the Court of
Appeals recognized, there was no basis for sealing the record in this case. (6) Although the trial
judge's rationale is not revealed in the record, the parties and the appellate court presume that
the judge sealed the record pursuant to Evidence Rule 412(d). But as the Court of Appeals
notes, that rule applies to cases of sexual assault, aggravated sexual assault, or an attempt to
commit those offenses. (7) It does not on its face apply to a case of indecency with a child. 

 Since the record of the in camera hearing never should have been sealed, the appellate
court should have unsealed it and allowed the parties to view it before briefs were filed. 
Nevertheless, after handing down its opinion, the Court of Appeals granted the State's
motion to view the record, and both parties have had the opportunity to review it in filing
briefs before this Court. We therefore proceed to the merits of the case.

Preservation of Error


 In its second ground for review, the State complains that Reyna made only an
evidentiary argument to the trial judge, but the appellate court reversed the conviction on
constitutional grounds. Although the Court of Appeals did not mention the Confrontation
Clause in its opinion, the cases that it cited both rely on the Confrontation Clause. The State
contends that Reyna failed to preserve this constitutional argument in the trial court and, as
a result, it should not be the basis for reversal on appeal. 

Legal Background


 At first blush, the State's argument appears to lack merit. We have held, and the
Rules of Evidence make clear, that to preserve error in the exclusion of evidence, the
proponent is required to make an offer of proof and obtain a ruling. (8) Since Reyna did both
these things, he seems to have preserved error.

 But a less common notion of error preservation comes into play in this case, although
certainly not a novel one. Professors Goode, Wellborn and Sharlot refer to it as "party
responsibility." They explain it this way:

 To the question, which party has the responsibility regarding any particular
matter, it is infallibly accurate to answer with another question: which party is
complaining now on appeal? This is because in a real sense both parties are
always responsible for the application of any evidence rule to any evidence. 
Whichever party complains on appeal about the trial judge's action must, at the
earliest opportunity, have done everything necessary to bring to the judge's
attention the evidence rule in question and its precise and proper application
to the evidence in question. (9) 

The basis for party responsibility is, among other things, Appellate Rule 33.1. It provides
that as a prerequisite to presenting a complaint for appellate review, the record must show
that the party "stated the grounds for the ruling that [he] sought from the trial court with
sufficient specificity to make the trial court aware of the complaint." (10) So it is not enough
to tell the judge that evidence is admissible. The proponent, if he is the losing party on
appeal, must have told the judge why the evidence was admissible.

 We recently discussed this notion in Martinez v. State. (11) There, the defendant moved
to suppress oral statements due to the State's failure to comply with Art. 20.17. The State
argued for the first time on appeal that Art. 20.17 did not apply. We concluded that the State
forfeited this argument by failing to bring it to the trial judge's attention. We explained that
"both Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 are
'judge-protecting' rules of error preservation. The basic principle of both rules is that of
'party responsibility.'" (12) We recognized that "the party complaining on appeal (whether it
be the State or the defendant) about a trial court's admission, exclusion, or suppression of
evidence must, at the earliest opportunity, have done everything necessary to bring to the
judge's attention the evidence rule or statute in question and its precise and proper
application to the evidence in question." (13) The issue, we said, "is not whether the appealing
party is the State or the defendant or whether the trial court's ruling is legally 'correct' in
every sense, but whether the complaining party on appeal brought to the trial court's attention
the very complaint that party is now making on appeal." (14)

 Similarly, in Willover v. State, (15) the defendant sought to admit two videotaped
interviews of the victim. At trial, "it [was] clear that, although [the defendant] did not
actually recite the specific rule of evidence he was relying upon, [he] sought to admit the
videotapes for impeachment purposes. [He] did not argue, nor was there any discussion at
trial, that the tapes were not hearsay or that the videotapes were admissible under any
exception to the hearsay rule other than Article 38.071 or for impeachment purposes." (16)

 On appeal, the defendant argued for the first time that the videotapes were not
hearsay. We relied on the notion of "party responsibility" to reject this argument because
"[i]n order to have evidence admitted under a hearsay exception, the proponent of the
evidence must specify which exception he is relying upon." (17) It was up to the defendant, we
said, and "not the trial court, to specify which exception to the hearsay rule he was relying
upon or to specify how the evidence was not hearsay." (18)

 In some cases, we have applied the "party responsibility" theory without using those
precise words. In Clark v. State, (19) the State presented the testimony of Dr. James Grigson
that the defendant would be a future danger. The defendant sought at trial to introduce a
letter and accompanying report which listed eleven individuals convicted of capital murder
whose sentences had later been commuted or reduced. In several of those cases, Dr. Grigson
had predicted that the individual would be a future danger. The trial court refused to admit
the evidence. (20)

 On appeal, the defendant argued that the excluded evidence was admissible to
impeach Dr. Grigson and show that his prior future dangerousness predictions had turned out
to be incorrect. But the defendant had not articulated this basis for admission at trial. At
trial, he had argued the evidence was admissible to impeach statements that Dr. Grigson had
made in Lubbock County. The State had objected that the impeachment went to a collateral
matter, and the trial judge had agreed. 

 We rejected the defendant's argument on appeal because he "did not clearly
articulate" that he wanted to admit the evidence to demonstrate Grigson's past mistakes in
predicting future dangerousness. (21) We said that the trial judge "never had the opportunity
to rule upon [the defendant's] appellate rationale." (22) Since the defendant "did not sufficiently
clearly expressly offer the evidence for the purpose which he now claims on appeal," that
argument could not be raised on appeal. (23)

 Finally, in Jones v. State, (24) the defendant sought at trial to admit the grand jury
testimony of a witness who asserted her Fifth Amendment privilege against self-incrimination and refused to testify. The State objected, claiming hearsay. We concluded
that the defendant failed to preserve error because he never specified which portions of the
witness's testimony he wanted to admit into evidence. (25) We said:

 The trial court need never sort through challenged evidence in order to
segregate the admissible from the excludable, nor is the trial court required to
admit only the former part or exclude only the latter part. If evidence is
offered and challenged which contains some of each, the trial court may safely
admit it all or exclude it all, and the losing party, no matter who he is, will be
made to suffer on appeal the consequences of his insufficiently specific offer
or objection. In this case, because the trial court chose to exclude the
evidence, appellant is the party adversely affected by his own default. Because
appellant failed to specify which portion of the transcript he intended to
introduce into evidence, the court was presented with a proffer containing both
admissible and inadmissible evidence. When evidence which is partially
admissible and partially inadmissible is excluded, a party may not complain
upon appeal unless the admissible evidence was specifically offered. (26) 

Application


 In this case, Reyna argued to the trial judge that the evidence should be admitted for
"credibility." He said that he was "not offering it to prove the truth of the matter asserted"
and "not offering it to go into her sexuality." Instead, he argued, "I'm offering it to
demonstrate that as to prior sexual activities, that she made allegations that there were prior
sexual allegations, and recanted."

 Reyna did not cite to any rules of evidence, cases, or constitutional provisions. 
Reyna's references to "the truth of the matter asserted" reflect that he was arguing that the
evidence was not hearsay under Evidence Rule 801(d). His claim that he was not offering
it "to go into her sexuality" reflects his argument that the evidence should not be excluded
under Evidence Rule 412(b). These arguments are both based on the Rules of Evidence. 
Reyna's reference to "credibility" could be a reference to either the Rules of Evidence or the
Confrontation Clause.

 Reyna told the trial judge that the purpose of admitting the evidence was to attack the
victim's credibility, but he did not provide the basis for admitting the evidence. He could
have been relying on the Rules of Evidence or the Confrontation Clause. It was up to the
judge to discern some basis for admitting the evidence.

 We have said that "[t]he purpose of requiring [an] objection is to give to the trial court
or the opposing party the opportunity to correct the error or remove the basis for the
objection." (27) When a defendant's objection encompasses complaints under both the Texas
Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to
preserve error. (28) An objection on hearsay does not preserve error on Confrontation Clause
grounds. (29) 

 Although this case involves a proffer of evidence rather than an objection, the same
rationale applies. Reyna did not argue that the Confrontation Clause demanded admission
of the evidence. Reyna's arguments for admitting the evidence could refer to either the Rules
of Evidence or the Confrontation Clause. His arguments about hearsay did not put the trial
judge on notice that he was making a Confrontation Clause argument. Because Reyna "did
not clearly articulate" that the Confrontation Clause demanded admission of the evidence,
the trial judge "never had the opportunity to rule upon" this rationale. (30) As the losing party,
Reyna must "suffer on appeal the consequences of his insufficiently specific offer." (31) Reyna
did not do "everything necessary to bring to the judge's attention the evidence rule or statute
in question and its precise and proper application to the evidence in question." (32) The Court
of Appeals erred in reversing Reyna's conviction on a ground that he did not present to the
trial judge.

JUDGMENT


 Because of our resolution of the State's first two grounds for review, we need not
reach the remaining grounds. They are dismissed. We reverse the judgment of the Court of
Appeals and reinstate the judgment of the trial court.


DATE DELIVERED: June 29, 2005

PUBLISH 

1. 997 S.W.2d 290 (Tex. App. - Dallas 1999, no pet.)
2. 115 S.W.3d 550 (Tex. App. - Houston [14th Dist.] 2002, pet. ref'd). 
3. Reyna v. State, No. 11-02-00232-CR (Tex. App. - Eastland, November 26, 2003)
(not designated for publication).
4. 850 S.W.2d 260 (Tex. App. - Fort Worth 1993, pet. ref'd).
5. 669 S.W.2d 420 (Tex. App. - Houston [1
st Dist.] 1984, pet. ref'd).
6. Reyna, slip op. at 5.
7. Id.
8. Williams v. State, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996); Green v. State,
840 S.W.2d 394, 407 (Tex. Crim. App. 1992); Stewart v. State, 686 S.W.2d 118, 122 (Tex.
Crim. App. 1984); Tex. R. Evid. 103(a)(2).
9. 1 Stephen Goode, et al., Texas Practice: Guide to the Texas Rules of
Evidence: Civil and Criminal § 103.2 (2d ed. 1993) (emphasis deleted).
10. Tex. R. App. P. 33.1(a)(1).
11. 91 S.W.3d 331 (Tex. Crim. App. 2002).
12. Id. at 335.
13. Id. at 335-36 (internal quotations omitted).
14. Martinez, 91 S.W.3d at 336, citing State v. Mercado, 972 S.W.2d 75 (Tex. Crim.
App. 1998).
15. 70 S.W.3d 841 (Tex. Crim. App. 2002).
16. Id. at 844.
17. Id. at 846 and n.4.
18. Id. at 845-56.
19. 881 S.W.2d 682 (Tex. Crim. App. 1994).
20. Id. at 694.
21. Id.
22. Id.
23. Id.
24. 843 S.W.2d 487 (Tex. Crim. App. 1992).
25. Id. at 492-93.
26. Id. 
27. Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).
28. Cantu v. State, 939 S.W.2d 627, 634 (Tex. Crim. App. 1997).
29. Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).
30. See Clark, 881 S.W.2d at 694.
31. See Jones, 843 S.W.2d at 492.
32. See Martinez, 91 S.W.3d at 335-36.