**Dixie Knox GRAY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–302–CR.**

Court of Appeals of Texas,
Fort Worth.

March 19, 1987.

J. Steven King, Fort Worth, for appellant.

Dan B. Grissom, Andrew Ottaway, Granbury, for State.

Before FENDER, C.J., HILL, J., and HARRY HOPKINS (retired, sitting by assignment).

## OPINION

FENDER, Chief Justice.

Dixie Knox Gray appeals from a conviction for aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021(a)(5) (Vernon Supp.1987). The jury assessed his punishment at ten years confinement in the Texas Department of Corrections but recommended the confinement be probated which the court so ordered.

We affirm.

Appellant was indicted on March 6, 1985 of committing aggravated sexual assault against his granddaughter, the complainant, on or about the 22nd day of April, 1984. The complainant lived off and on with her father and her grandparents from the age of six until June, 1984, when at the age of twelve she went to live with her mother. The complainant testified to three specific assaults which occurred when she was nine and ten, and stated generally that the assaults were repeated from that age until she left her grandparents' care.

Appellant first charges the trial court with error in admitting the testimony of Deborah Ives, a grand juror in this case. Ives related some of appellant's statements made to the grand jury. Appellant had explained that any allegedly improper contact he had with his granddaughter was accidental. The State, appellant claims, offered these essentially exculpatory statements as inculpatory statements. Appellant argues further that when statements, not of themselves inculpatory, are used in an incriminating manner, they are afforded all the protection guaranteed by the confession statute and the *Miranda* decision. *See Harrison v. State,* 556 S.W.2d 811, 813 (Tex.Crim.App.1977); TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon 1979 & Supp.1987).

The Texas Code of Criminal Procedure does not preclude the admission of a statement made by the accused before a grand jury. *See Shoaf v. State,* 706 S.W.2d 170, 173 (Tex.App.—Fort Worth 1986, pet. ref'd); TEX.CODE CRIM.PROC. ANN. art. 38.22, sec. 5 (Vernon 1979). Appellant in this case was warned before testifying to the grand jury of his right to remain silent and that any statements he did make could be used against him. *See Shoaf,* 706 S.W.2d at 173–74. He was also advised that he had the right to have an attorney outside the presence of the Grand Jury room and the right to consult with his attorney before answering any questions propounded to him. Appellant was told that he had the right to a court-appointed attorney if he could not afford to retain one. Finally, appellant was informed that he could terminate his testimony before the grand jury at any time. Accordingly, we hold that the use of this testimony voluntarily given did not violate appellant's rights against self-incrimination. Appellant's first point of error is overruled.

In his second and third points of error, appellant claims that he is entitled to an acquittal since the State failed to refute appellant's exculpatory statements after introducing them into evidence. *See Palafox v. State,* 608 S.W.2d 177, 182 (Tex.Crim. App.1979). The rule is that when the State produces an appellant's exculpatory statement and does not refute it, either directly or indirectly, the appellant is entitled to an acquittal. *See Rogers v. State,* 687 S.W.2d 337, 345 (Tex.Crim.App.1985). In this case, the complainant's testimony directly re-

futes appellant's statements. The assaults described by the complainant could in no way be construed as the same incidents described by appellant to the grand jury. Appellant's second and third points of error are overruled.

As his next point of error, appellant claims that the trial court erred in allowing the District Attorney to testify. The District Attorney's name did not appear on the list of witnesses expected to testify for the State. Appellant objected at trial on the basis of surprise and the objection was overruled.

■■■■ The standard of review when a witness who was not included in a witness list was allowed to testify is whether the trial court abused its discretion in allowing the witness to testify. *See Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Crim.App. 1981). Two factors to be considered in this regard are whether the prosecutor withheld the name in bad faith and whether the appellant could have reasonably anticipated that the witness would testify even though his name was not included on the witness list. *See id.*

■■■ In this case the trial judge took testimony outside the jury's presence to determine whether the District Attorney's testimony should be admitted. The District Attorney stated that his testimony would not be substantive in nature. He would testify, he said, as to the warnings read to the appellant before the grand jury. Such testimony was offered as a predicate to the admission of grand juror's testimony regarding statements made by appellant before the grand jury. The District Attorney also said that he had told appellant's counsel on several occasions that the State intended to use appellant's admissions made to the grand jury.

The court allowed appellant to question outside the jury's presence the grand juror for whose testimony the District Attorney would lay the predicate. Appellant did not object to the admission of this witness' testimony. Neither did he request a continuance or recess to investigate the testimony further.

Appellant has not shown bad faith on the State's part in withholding the District Attorney's name. Appellant could reasonably have anticipated that the District Attorney would lay such a predicate since appellant had been told that his testimony before the grand jury would be offered. The trial court went to great lengths to insure that appellant would not be prejudiced by the District Attorney's testimony. Accordingly, we find no abuse of discretion. Appellant's fourth point of error is overruled.

Appellant contends in his fifth point of error that there is no evidence to show that the complainant was assaulted on the date alleged, April 22, 1984. The evidence, he claims, proves that any acts complained of were alleged to have occurred some two years prior to the date alleged in the indictment. Appellant argues this variance entitles him to a new trial because it is material and fatal.

■■■ The State is not bound by the date alleged in the indictment as long as the date proved is anterior to the date the State's pleadings were filed and not so remote as to show that the offense is barred by the statute of limitations. *McManners v. State*, 592 S.W.2d 622, 623 (Tex.Crim.App.1980). Aggravated sexual assault is a first degree felony, TEX.PENAL CODE ANN. sec. 22.021(c) (Vernon Supp.1987), for which the statute of limitations is five years from the date of the commission of the offense. *See* TEX. CODE CRIM.PROC.ANN. art. 12.03(d) (Vernon 1977); TEX.CODE CRIM.PROC. ANN. art. 12.01(3) (Vernon Supp.1987).

■■■ The complainant in this case stated she was thirteen years old at the time of trial on August 19, 1985. She testified that three specific assaults were committed against her when she was nine and ten, three to four years earlier. Appellant was indicted on March 6, 1985. This evidence proves the alleged acts occurred before the date of indictment and not more than five years prior to that date. Appellant's fifth point of error is overruled.

■■■ Appellant complains in his sixth point of error that the testimony of Sandra

Elvik impermissibly bolstered the complainant's testimony. At trial, however, appellant objected that the testimony was "too speculative". Nothing is presented for review where the trial objection does not comport with the contention on appeal. *Pennington v. State,* 697 S.W.2d 387, 390 (Tex.Crim.App.1985). The error presented on appeal must be the same as the objection raised before the trial court. *Id.* Appellant's sixth point of error is overruled.

■ In his final point of error, appellant complains that the trial court erred in failing to submit an instruction regarding the jury's consideration of the complainant's delay in reporting the assaults as outlined in article 38.07 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1987). The statute itself clearly states:

> The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.

*Id.* The amendment to article 38.07 applies to prosecutions commenced on or after September 1, 1983. *See* Act of June 17, 1983, ch. 382, secs. 2–3, 1983 Tex.Gen.Laws 2090, 2091. Even prior to this amendment, the Court of Criminal Appeals held that article 38.07 does not apply to minors. *See Hernandez v. State,* 651 S.W.2d 746, 751 (Tex. Crim.App.1983) (per curiam opinion on reh'g, adopting concurring opinion).

It is undisputed in this case that the complainant was younger than 14 years of age when the assaults of which she complained took place. Article 38.07, therefore, does not apply and the trial court was correct in not allowing the instruction. Appellant's final point of error is overruled.

The judgment is affirmed.