**Esequeil LOREDO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–98–325–CR.**

Court of Appeals of Texas, Waco.

Oct. 18, 2000.

Kathryn J. Gilliam, Beard & Kultgen, Waco, Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, McLennan County Crim. Dist. Atty., James Wiley, McLennan County Asst. Crim. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Esequeil "Zeke" Loredo was charged with two counts of aggravated sexual assault and one count of indecency with a child. The victim of each offense was his oldest daughter, S.H., who was seven years old at the time of the first offense. S.H. testified about the incidents. Her mother, Nellie, who was Loredo's ex-wife, served as the outcry witness and also gave other testimony. Loredo testified and denied that the incidents ever occurred. Loredo pled true to the State's enhancement and habitual offender allegations of prior burglary convictions. The jury found Loredo guilty of three counts of indecency with a child and sentenced him to 31 years in prison on each count. We affirm the conviction.

Loredo does not contest the sufficiency of the evidence relating to his conviction. Thus, a detailed recitation of the facts is not necessary.

### Cross-Examination

In his first issue, Loredo contends that he was denied the right to cross-examination when he was not allowed to question Nellie about her prior confrontation with Loredo regarding an allegation of sexual abuse made by their youngest daughter, G.H.

The State filed a motion in limine requesting the trial court to instruct Loredo to refrain from referring to, among other things, whether he was ever questioned by Nellie or anyone else that he had sexually abused G.H. The trial court granted the State's motion to the extent that Loredo was required to approach the bench outside the presence of the jury and obtain permission before going into this matter. After Nellie's direct examination by the State, Loredo asked for permission, outside the presence of the jury, to go into areas of testimony covered by the motion in limine.

Thus, while the jury was recessed, Nellie testified that she had previously accused Loredo of molesting G.H. When asked if the allegations turned out to be false, she responded, "I'm not sure." Nellie denied that Loredo was out of the house, drinking, at the time of the alleged abuse of G.H. When she confronted him, she took both girls, G.H. and S.H., with her and asked Loredo if he had assaulted G.H. Nellie testified that Loredo denied the accusation and told G.H. to tell the truth. Nellie further testified that Loredo slapped G.H. when she affirmed that the abuse had occurred. Nellie admitted that she did not call the police but still believed the abuse happened. After hearing this testimony and argument of counsel, the trial court declined to make a decision until a later time.

On re-cross, Loredo asked Nellie, in the presence of the jury, if she had made any other allegations that Loredo had abused any of her other children. The State objected to the question, and the trial court sustained it. In response, Loredo's attorney asked the court:

Counsel: Your Honor, at this time are you overruling the objection to motion in limine number six? That's what you were carrying at this time, and this is directly on point.

Court: I sustain the objection.

Counsel: No further questions.

### Material to Defense

Loredo initially contends that the question asked of Nellie was material to his defense and not a collateral issue. He argues that the Confrontation Clause of the United States Constitution permits him to cross-examine Nellie on any prior abuse accusations. *See* U.S. Const. amend VI. The trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering

the witness, and the injection of cumulative or collateral evidence. *Lopez v. State*, 18 S.W.3d 220, 221 (Tex.Crim.App.2000). When considering whether the Confrontation Clause requires the admission of prior accusations, the Court of Criminal Appeals has recently said that a reviewing court must balance the probative value of the evidence sought to be admitted against the risk its admission entailed. *Id.* at 222–23. Without proof that a prior sexual abuse accusation was false, the evidence fails to have any probative value in impeaching a witness's credibility. *Id. See also Hughes v. State*, 850 S.W.2d 260, 262–263 (Tex. App.—Fort Worth 1993, pet. ref'd); *Thomas v. State*, 669 S.W.2d 420, 423 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

### APPLICATION

■ When asked whether the allegations were false, Nellie replied, "I'm not sure." She then denied that Loredo was out drinking beer at the time of the alleged incident. She also concluded that she believed G.H.'s accusations when Loredo slapped G.H. for saying that he had abused her. Loredo never showed that his youngest daughter's accusation was false. The risk that this evidence would confuse the jury was high. *See Lopez*, at 222–23. Thus, the trial court did not err in excluding this line of testimony concerning prior allegations of abuse against Loredo.

### MOTIVE, BIAS, ETC.

■ Loredo also argues within his first issue that he should have been allowed to cross-examine Nellie regarding the prior allegations of abuse because the testimony would be admissible to demonstrate motive or bias. He argues that the testimony was inconsistent, was gratuitous, and created a false impression. He further argued that Nellie opened the door to cross-examination on the subject. For this argument, Loredo points to Nellie's testimony that she was in shock when she found out about Loredo's abuse of S.H. and could not believe he would do such a thing.

But, when arguing against the State's motion to limit his discussion of the prior sexual abuse allegation by G.H., counsel for Loredo explained to the trial court that the testimony was relevant and that the jury was entitled to know about the allegation to weigh it against future allegations. After presenting testimony regarding the prior allegation, Loredo's counsel argued to the trial court that he wanted to question Nellie about an event that may or may not have occurred.

No argument was ever presented to the trial court about the use of the prior allegation to impeach Nellie's testimony of shock and disbelief over the present allegations. Further, the trial court was never asked to rule on the admissibility of the prior allegation as impeachment to show motive or bias for testifying falsely or any other reason mentioned in this subsection. Thus, Loredo did not preserve this argument for appeal. *See Dixon v. State*, 2 S.W.3d 263, 271–274 (Tex.Crim.App.1998) (*op'n on reh'g*).

Loredo's first issue is overruled.

### SPECIFIC INSTANCE OF CONDUCT—CREDIBILITY

In his second issue, Loredo contends that the trial court erred in allowing the State to ask a defense witness what he was smoking on a date alleged as the date of one of the sexual assaults charged. The witness had been brought to the stand to provide an alibi for Loredo that he could not have committed the offense because they were together. The witness, Loredo's brother, testified:

> It was me and my brother and my wife and his wife, all of us had got together. Like it was on April 1st; it was April Fool's Day. So he got rid of his kids. I got rid of my kids. So, you know, it was just like a grown-up thing. It was just us four, you know. All we did was just have a little bit of drinks and smoke a little bit, but that's all we did. It was just, you know, there all night with, you

know—it was just us four there all night.

On cross-examination, the witness admitted that they were drinking "Mad Dog $\frac{20}{20}$ ," a type of wine. The following exchange then took place:

State: And you said you smoked a little. What were you talking about?

Counsel: Objection, Your Honor.

State: He brought it up, Judge.

Court: Go ahead.

State: What were you smoking?

Witness: It was a little bit of marijuana, sir.

Loredo contends on appeal that the State's question about what the witness was smoking was an impermissible question about a specific instance of conduct and was for the purpose of attacking the witness's credibility. TEX.R.EVID. 608(b). As noted above, Loredo's counsel only stated, "Objection, Your Honor," when the question was asked.

■ It has long been held that where the correct ground for objection was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. *Lankston v. State,* 827 S.W.2d 907, 908 (Tex.Crim.App.1992); *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App. 1977). However, when it seems from context that a party failed effectively to communicate his desire, then the reviewing court should not hesitate to hold that appellate complaints arising from the event have been lost. *Lankston,* 827 S.W.2d at 909; *see also Dixon,* 2 S.W.3d at 273.

■ It cannot be shown in the record that the judge and the State knew Loredo was objecting to the question based on Rule 608(b). Thus, Loredo has not preserved this issue for our review, and it is overruled. *See* TEX.R.APP.P. 33.1(a).

### JURY CHARGE

In his final issue, Loredo argues that the trial court improperly commented on the weight of the evidence when it instructed the jury as follows:

You are instructed that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.

Loredo contends that this instruction singles out a witness, namely, the victim, isolates evidence, that being the lapse of time between the alleged offense and the time it was reported, and then instructs the jury on how to pass upon that testimony from that witness concerning that evidence. No objection was made to this portion of the trial court's charge.

### APPLICABLE LAW

■ In reviewing alleged jury charge error, we must first determine whether error actually exists in the jury charge. *Hutch v. State,* 922 S.W.2d 166, 170 (Tex. Crim.App.1996); *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). The Code of Criminal Procedure provides that a trial judge shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.2000). This statute forbids any discussion by the trial judge in the jury's presence of evidence adduced at trial which might suggest to the jury the judge's personal estimation of the strength or credibility of such evidence or which might tend to emphasize such evidence by repetition or recapitulation. *Atkinson v. State,* 923 S.W.2d 21, 24 (Tex.Crim.App. 1996).

Prior to 1993, Article 38.07 stated:

A conviction . . . is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the de-

fendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. *The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.*

(emphasis added). Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex.Gen. Laws 2090, 2091 (amended 1993) (current version at TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Pamp.2000)). When the article was amended in 1993, the time frame for reporting an offense was extended to one year, the age of the victim was raised to 18 years of age, and the last sentence of the article was removed. TEX.CODE CRIM. PROC.ANN. art. 38.07 (Vernon Pamp.2000).

Even before the changes were made to article 38.07 in 1993, appellate courts had said that an instruction such as was given here was not required because the requirement that a victim inform another person of an alleged offense did not apply if the victim was younger than 14 years of age at the time of the alleged offense. *See Hellums v. State*, 831 S.W.2d 545, 547 (Tex. App.—Austin 1992, no pet.); *Stevens v. State*, 820 S.W.2d 930, 934 (Tex.App.— Fort Worth 1991, pet. ref'd); *Gray v. State*, 726 S.W.2d 640, 644 (Tex.App.— Fort Worth 1987, no pet.). S.H. was seven years old at the time of the first offense. There was never any requirement that she inform anyone of the offense.

APPLICATION

 We have already held that the current version of article 38.07 is a comment on the weight of evidence if it is tracked in a jury charge instruction. *See Veteto v. State*, 8 S.W.3d 805, 816 (Tex.App.—Waco 2000, pet. ref'd). Because the last sentence expresses an opinion as to how the jury should weigh S.H.'s testimony regarding the amount of time which passed between the time the offense happened and the time she told her mother, the instruction included in the jury charge is also an improper comment on the weight of the evidence. It was also an incorrect statement of the law. Thus, the instruction was erroneous. *See Id.; Jimenez v. State*, 992 S.W.2d 633, 638 (Tex.App.—Houston [1st Dist.] 1999), *aff'd*, 32 S.W.3d 233 (Tex. Crim.App.2000).

HARM ANALYSIS

 Our finding of error, however, does not end the discussion. We must now determine whether sufficient harm was caused by the error to require reversal. *Hutch*, 922 S.W.2d at 170–171. Because Loredo did not object to the jury instruction, he must show egregious harm to warrant a reversal. *Id.* at 171; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985) (*op'n on reh'g* ). Errors that result in egregious harm are those which affect the very basis of the case, deprive the defendant of a valuable right or vitally affect a defensive theory. *Hutch*, 922 S.W.2d at 171 (*citing Almanza* ). It is a difficult standard to prove. *Id.* In deciding whether egregious harm has been shown, we can look to the charge as a whole; the state of the evidence; arguments of counsel; and any other relevant information revealed by the record of the trial as a whole. *Id.; Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App.1993).

 The charge as a whole is unremarkable. There are no other erroneous or questionable sections. We note that the offending paragraph is on the page preceding the application paragraphs but is not a part of them. Loredo questioned S.H. about her delay in telling her mother and questioned Nellie about her delay in reporting the abuse to the proper authorities. Because of her age, any delay by S.H. in reporting the abuse to her mother has no bearing on a contested issue in the

case. In its argument to the jury, the State mentions only Nellie's delay in reporting the incident to authorities. Neither side discusses S.H.'s delay in making her outcry.

Loredo contends that the instruction harmed him because it served to inform the jury that it could not judge the credibility of Nellie or place any weight on her testimony based on her delay in reporting the abuse. That is not the focus of the instruction. Actually, the instruction served Loredo's interest by attacking S.H.'s credibility on the reporting delay issue. A person under the age of 18 need not even make an outcry statement of sexual abuse. TEX.CODE CRIM.PROC .ANN. art. 38.07 (Vernon Pamp.2000). But, with the instruction given, the court allowed the jury to judge her credibility based on a delayed action that she did not even have to perform.

In reviewing the record as a whole, Loredo did not show that he suffered egregious harm. His third issue is overruled.

## CONCLUSION

Having overruled all the issues, Loredo's conviction is affirmed.

Justice VANCE concurring.

BILL VANCE, Justice, concurring

Although the facts differ significantly, I agree with the majority that an analysis similar to that articulated by the Court of Criminal Appeals in *Lopez v. State* applies to Loredo's complaints about the limitation of his cross-examination of the out-cry witness in this proceeding. *Lopez v. State*, 18 S.W.3d 220, 225–26 (Tex.Crim.App.2000). However, I disagree that there was no evidence to establish that the accusation against Loredo was false. During Nellie's testimony outside the presence of the jury, the State's questioning of her concerning the prior accusation involved the following exchange:

Q (by the State): When you mentioned that you confronted [Loredo] about pos-

sibly doing something to [G.H.], tell what happened. Tell the Court what happened when you asked her in front of him.

A (by Nellie): Well, I confronted him. I took both the girls in there, and we were in the living room. And I asked him in front of her and in front of him if he had done that to her.

Q: Done what?

A: If he had been touching her private part. **And he said no.** And then -

Q: What did she say?

A: He told her to tell the truth. He told her to tell the truth, nobody was going to get mad at her, for her to tell the truth, so she said yes. Then he slapped her.

(Emphasis added).

Although slim, there was some evidence—Loredo's denial of the charge as related by Nellie—which if believed by the jury, would have established that the accusation against Loredo involving G.H. was false. Additionally, the accusation involving G.H. was similar to the charges involving S.H. Therefore, the trial court should have allowed Loredo the opportunity to present this evidence to the jury. *Id.*; TEX.R. EVID. 104(b) (requiring court to admit evidence whose relevancy "depends upon the fulfillment of a condition of fact ... upon ... the introduction of evidence sufficient to support a finding of the fulfillment of the condition."). Thus, I would find that the court erred when it limited Loredo's cross examination of Nellie and conduct a harm analysis of this error.

When determining the harm flowing from an erroneous limitation of a defendant's right to cross-examine a witness, we should apply the constitutional-error standard in Texas Rule of Appellate Procedure 44.2(a). TEX.R.APP. P. 44.2(a); *McDaniel v. State*, 3 S.W.3d 176, 181 (Tex.App.— Fort Worth 1999, pet. ref'd). We start with the assumption that "the damaging potential of the cross-examination were fully realized." *Shelby v. State*, 819

S.W.2d 544, 547 (Tex.Crim.App.1991) (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986)); *McDaniel,* 3 S.W.3d at 181; *Kesterson v. State,* 997 S.W.2d 290, 293 (Tex. App.—Dallas 1999, no pet.). Bearing that assumption in mind, we are to review the error in connection with five factors: (1) the importance of the witness' testimony in the State's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the State's case. *Id.* Finally, in light of the assumption and the error's connection to the five factors, we are to determine if the error was harmless beyond a reasonable doubt. *Id.;* TEX. R.APP. P. 44.2(a).

Even assuming that the cross-examination of Nellie would establish that Loredo had been falsely accused of abusing his youngest daughter, I would find beyond a reasonable doubt that the error in excluding this evidence did not contribute to Loredo's conviction or punishment. *Id.* Thus, I would find the error harmless. *Id.*

Because I would find that there was error, but that it was harmless, I concur in the court's judgment.