No. 04-01-00242-CR



Daniel HERNANDEZ,


Appellant


v.


The STATE Of Texas,

Appellee


From the 187th Judicial District Court, Bexar County, Texas

Trial Court No. 1999-CR-3543

Honorable Raymond Angelini, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Chief Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: November 6, 2002


AFFIRMED

 A jury found defendant, Daniel Hernandez, guilty on eleven counts of aggravated sexual
assault and two counts of indecency with a child. The complainants were defendant's three step-daughters. A jury sentenced defendant to forty-five years' confinement on each count of aggravated
sexual assault and fifteen years' confinement on each count of indecency with a child. On appeal,
defendant asserts that the trial court abused its discretion by denying him his Sixth Amendment right
to confrontation by improperly limiting the scope of his cross-examination of the complainants, and
defense counsel failed to render effective assistance of counsel. We conclude that the trial court did
not abuse its discretion in limiting defendant's cross-examination and that defense counsel rendered
effective assistance; therefore, we affirm the trial court's judgment.

RIGHT OF CONFRONTATION

 Defendant asserts he was denied the right to impeach the testimony of two of the
complainants because the trial court excluded testimony inquiring into whether they had previously
accused their biological father, Dimas Garza, of inappropriately touching them. Defendant also
complains he was denied the right to show the jury that Garza had access to the complainants at the
time of the abuse alleged against him; the complainants' mother tried to influence the proceedings
in that the testimony of her daughters was "part of her plan" during her divorce from Garza; and
Garza was not allowed to testify that the complainants had made sexual abuse allegations against
him. Because defendant's discussion of harm centers primarily on his inability to cross-examine
the complainants about their allegations against Garza, we will address the propriety of the trial
court's ruling on that issue alone.

 The Sixth Amendment guarantees an accused in a criminal prosecution the right to confront
the witnesses against him. U.S. Const. Amend. VI; Davis v. Alaska, 415 U.S. 308, 315 (1974).
The Confrontation Clause's main purpose involves the ability to cross-examine the prosecution's
witnesses. Davies, 415 U.S. at 315. We weigh each Confrontation Clause issue on a case-by-case
basis, taking into account the defendant's right to cross-examine and the risk factors associated with
admission of the evidence. Lopez v. State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). The trial
court has broad discretion to impose reasonable limits on cross-examination to avoid harassment,
prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or
collateral evidence. Id. 

 Ordinarily, specific instances of a witness's misconduct may not be used to demonstrate a
witness's untrustworthy nature. Id. at 225; Tex. R. Evid. 608(b). In Lopez, a case involving a
sexual offense, the Court of Criminal Appeals addressed whether the Confrontation Clause requires
that previous false accusations of sexual abuse against a person other than the defendant be
admissible, notwithstanding Rule 608(b)'s specific prohibition. Although the Court refused to
create a per se exception to Rule 608(b) for sexual offenses, the Court recognized that the
Confrontation Clause may require admissibility of evidence that the Rules of Evidence would
exclude. Lopez, 18 S.W.3d at 225. In determining whether evidence must be admitted under the
Confrontation Clause, the trial court must balance the probative value of the testimony against the
risk its admission entails. Id. at 222. 

 In Lopez, the trial was a typical "swearing match" between the defendant and the
complainant; thus, the Court found a "heightened need" for the defendant to impeach the
complainant's credibility with evidence of the prior allegation. Id. at 225. Nevertheless, the Court
determined that the Confrontation Clause did not require admission of the evidence because the
prior allegation was not shown to be false, the type of act alleged was unrelated to the subsequent
allegation of sexual abuse, and there was a high risk that it would unduly prejudice and confuse the
jury. Id. at 225-26. Here, although the allegations against Garza and against defendant involved
sexual misconduct, there was no "heightened need" for the evidence on the issue of credibility. The
medical evidence tended to corroborate the girls' allegations and each girl stated she witnessed the
defendant's assault of at least one of the other two girls. 

 Furthermore, the allegations of touching against Garza lacked physical evidence and resulted
in a "no-bill." Although Garza denied the allegations against him, the complainants never admitted
the falsity of their allegations against him and nothing in the record indicates that the girls lied.
Therefore, without proof that the allegations against Garza were false, the evidence had no probative
value in impeaching the complainants' testimony and would serve only to unduly prejudice and
confuse the jury. See Lopez, 18 S.W.3d at 226; Loredo v. State, 32 S.W.3d 348, 351 (Tex.
App.--Waco 2000, pet. ref'd); Hughes v. State, 850 S.W.2d 260, 262-63 (Tex. App.--Fort Worth
1993, pet. ref'd). Accordingly, we hold that the trial court did not abuse its discretion in refusing
to allow defendant to cross-examine the complainants about any allegations they made against
Garza.

INEFFECTIVE ASSISTANCE OF COUNSEL

 Defendant argues that trial counsel did not provide effective assistance because counsel
failed to (1) obtain a ruling on a pretrial motion in limine as to certain admissions by defendant, (2)
object to prejudicial testimony, (3) urge a motion for a directed verdict, and (4) present an opening
statement. 

 We follow the standard of review for evaluating claims of ineffective assistance of counsel
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, a defendant must first show that
counsel's performance was so deficient that it fell below an objective standard of reasonableness.
Thompson, 9 S.W.3d at 812. Second, defendant must affirmatively prove that he was prejudiced
by counsel's conduct. Id. In other words, defendant must prove by a "reasonable probability" that,
but for counsel's unprofessional conduct, the result of the proceeding would have been different.
Id. A "reasonable probability is a probability sufficient to undermine confidence in the outcome of
the trial." Id.

 The assessment of whether defendant can prevail on a claim of ineffective assistance of
counsel is a fact-intensive inquiry. Id. at 813. Defendant bears the burden of proving ineffective
assistance of counsel by a preponderance of the evidence, and it must be firmly supported by the
record. Id. Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 770-71 (Tex. Crim. App. 1994). This court will look to the totality of the representation and the
particular circumstances of this case in evaluating whether defendant's counsel was effective.
Thompson, 9 S.W.3d at 813. We will not make a finding of ineffectiveness based on speculation.
Jackson, 877 S.W.2d at 770-71.

 Defendant complains that defense counsel did not object before the prosecutor asked the
complainants' mother the following question: "So, he [the defendant] essentially said that your
affair caused him to abuse the children?" Defense counsel objected to the prosecutor's question,
and the trial court sustained the objection and instructed the jury to disregard the question. We
presume the jury complied with the court's limiting instruction and disregarded the prosecutor's
question unless the defendant provides evidence to the contrary. Colburn v. State, 966 S.W.2d 511,
520 (Tex. Crim. App. 1998). The defendant has not pointed to any evidence in the record to rebut
the presumption that the jury disregarded the instruction; therefore, defendant has not shown that
he was prejudiced by counsel's inaction.

 Defendant asserts that defense counsel should have obtained a ruling on a pretrial motion
in limine regarding defendant's statements to the complainants' mother. Defendant asserts a ruling
"might have had some value" because the State would have been required to first approach the
bench before questioning the mother. Defendant admits on appeal that the trial court "was clearly
not inclined to grant this motion in limine as to the admission." Defendant's complaint is pure
speculation about trial counsel's strategy and his claim of ineffective assistance is not supported by
the record. 

 Defendant contends counsel should have moved for a directed verdict at the conclusion of
the State's case-in-chief because the State failed to connect defendant to the offenses. The fact that
defense counsel may or could have moved for the directed verdict on the possibility of its being
granted does not show that counsel was ineffective. McGarity v. State, 5 S.W.3d 223, 229 (Tex.
App.--San Antonio 1999, no pet.). Even if traditional practice calls for defense counsel to move
for a directed verdict on the grounds of insufficient evidence, the "possibility" that the motion may
have been granted is not sufficient to show that counsel's failure to make the motion was deficient
performance that prejudiced the defense. Id. There must be a showing of a reasonable probability
that but for counsel's omission, the result of the proceedings would have been different. Id. A
reasonable probability is more than a possibility, it is a probability sufficient to undermine
confidence in the outcome of the proceedings. Id. Defendant's argument that the trial court would
have granted the motion for directed verdict because the State's witnesses were not credible does
not establish by a preponderance of the evidence that defense counsel's failure to move for a
directed verdict would have provided a different outcome of the trial. 

 Finally, defendant's complaint that counsel did not present an opening statement does not
rebut the presumption that counsel acted reasonably in making this tactical decision. See Taylor v.
State, 947 S.W.2d 698, 704 (Tex. App.--Fort Worth 1997, pet. ref'd). Not making an opening
statement does not necessarily render ineffective assistance. Calderon v. State, 950 S.W.2d 121,
127-28 (Tex. App.--El Paso 1997, no pet.). Because giving an opening statement provides the State
with a preview of the defense strategy, the failure to give an opening statement is a valid tactical
decision. See Standerford v. State, 928 S.W.2d 688, 697 (Tex. App.--Fort Worth 1996, no pet.).
Furthermore, defendant does not direct this court to anywhere in the record that indicates he was
prejudiced by counsel's decision not to make an opening statement.

 We hold that defendant has not overcome the presumption that counsel provided reasonably
effective professional assistance at trial or that he was prejudiced by counsel's actions.

CONCLUSION

 Because the trial court did not abuse its discretion in limiting the scope of defendant's cross-examination, and defendant did not meet his burden of proof on his ineffective assistance of counsel
claim, we affirm the trial court's judgment. 


 Sandee Bryan Marion, Justice

DO NOT PUBLISH