Opinion Issued July 24, 2008









Opinion Issued July 24,
2008

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00594-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KEITH DARRELL STOVAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1107867

 








 



MEMORANDUM OPINION

Appellant, Keith Stoval, pleaded not
guilty to aggravated robbery.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2007).  The jury found Stoval guilty and
assessed punishment at forty-nine years’ confinement.  Stoval contends that the
evidence is factually insufficient to support the verdict.  He further contends
that the trial court erred in denying admission of certain evidence and that
his counsel rendered constitutionally ineffective assistance.  We affirm.

Background

          On April 15, 2006, Carlos
Martinez and Guillermo Arce were working on Arce’s car outside of their
apartment complex.  A person later identified as the appellant, Keith Stoval,
approached Martinez and Arce, inquired about the year of Martinez’s car, and
asked whether Martinez would be interested in selling his car.  Martinez told him that he was not interested in selling his car, and Stoval left.  A few
minutes later, Stoval returned, pulled a gun from his waistband, and pointed
the gun at Arce.  Stoval then fired the gun five times at Arce and two times at
 Martinez.  Both Arce and Martinez fled while Stoval stole Martinez’s silver
Hyundai Sonata.

          Eight days later, a
Bellaire police officer observed a silver Hyundai Sonata and, after checking
its license plate on his computer, realized that the car had been reported
stolen.  The officer initiated a traffic stop and identified Stoval as the
driver of the stolen car.  Police placed Stoval’s picture in a photo array and
presented the array to Arce to identify his attacker.  Arce tentatively
identified Stoval as the man who shot him but requested a live line-up to see
the features of each man more clearly.  During the live line-up, Arce
positively identified Stoval as the shooter.

Martinez was unable to positively identify Stoval as the
attacker because at the time of the attack, he was more focused on Arce and his
condition.  Martinez identified two men during a live line-up who could have
been his attacker, and one of the men he identified was Stoval.  Martinez also testified in court that Stoval “looked like” the man that attacked him.

          The first jury trial
resulted in a mistrial.  Following a second trial, the jury found Stoval guilty
of aggravated robbery and assessed punishment at forty-nine years’ confinement.

Factual Sufficiency

          In his second issue, Stoval
asserts that the evidence is factually insufficient to sustain his conviction. 
He specifically contends that the evidence was insufficient to identify him as
the assailant.      When evaluating factual sufficiency, we consider all the
evidence in a neutral light to determine whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We will set the verdict aside only
if (1) the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or (2) the verdict is against the great weight and preponderance of the
evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Under the first prong of Johnson, we cannot conclude that a verdict is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of
evidence admitted, we would have voted to acquit had we been on the jury.  Watson,
204 S.W.3d at 417.  Under the second prong of Johnson, we cannot declare
that a conflict in the evidence justifies a new trial simply because we
disagree with the jury’s resolution of that conflict.  Id.  Before
finding that evidence is factually insufficient to support a verdict under the
second prong of Johnson, we must be able to say, with some objective
basis in the record, that the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Id.  We must also discuss the evidence
that, according to the appellant, most undermines the jury’s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 

          The fact-finder alone
determines the weight to place on contradictory testimonial evidence because
that determination depends on the fact-finder’s evaluation of credibility and
demeanor.  Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).  As the determiner of the credibility of the witnesses, the fact-finder
may choose to believe all, some, or none of the testimony presented.  Id. at 407 n.5.  As an appellate court, we must avoid re-weighing the evidence and
substituting our judgment for that of the fact-finder. Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998); see also Wilson v. State,
863 S.W.2d 59, 65 (Tex. Crim. App. 1993); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).

          The robbery occurred at
night in a parking lot with covered parking spaces.  At trial, Stoval elicited
testimony that the lighting was dim where Martinez and Arce were working on the
cars, because every two spaces shared a light with a 40-watt bulb.  Stoval also
pointed out that both Martinez and Arce were drinking beers as they worked on
the cars.  Stoval contends that because of the dim lighting, the effects of
alcohol, and the fact that the encounter happened within a matter of seconds,
the identification of him as the attacker is not enough to convict him for
aggravated robbery.  Stoval also contends that only one witness, Arce, actually
identified him as the attacker that night. 

          The jury also heard
testimony, however, that although the offense happened quickly, Arce had the opportunity
to see Stoval twice—once before the robbery and once during the robbery.  Arce
also testified that although the lighting was not bright, it was also not dim. 
Arce testified that he identified Stoval tentatively in a photographic array
and then positively in a live line-up.  Although Martinez testified that he did
not get a good look at the assailant, he testified that he was able to narrow
down the line-up to two men, including Stoval.  In addition, the police
arrested Stoval while he was driving the stolen car.  Finally, the jury heard
testimony from the surgeon that treated Arce that while the witnesses did drink
beer the night of the attack, neither man was intoxicated based on their blood
alcohol level.

The jury was free to evaluate all of
the testimony and evidence and believe some, all, or none of it.  See
Glockzin v. State, 220 S.W.3d 140, 147 (Tex. App.—Waco 2007, pet. ref’d)
(“the jury was free to accept [victim’s] testimony over that of other
witnesses, including [defendant], and disregard any ‘inconsistencies’”); see
also Perez v. State, 113 S.W.3d 819, 838–39 (Tex. App.—Austin 2003, pet.
ref'd).  We defer to the jury’s findings. “A jury decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor
of the State.”  Herrero v. State, 124 S.W.3d 827, 835 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (quoting Cain, 958 S.W.2d at 410).  The State’s
evidence was not so obviously weak or contrary to the overwhelming weight of
the evidence as to be factually insufficient.  See Poncio v. State, 185
S.W.3d 904, 905 (Tex. Crim. App. 2006) (holding that unexplained possession of
property recently stolen in robbery permits inference that defendant committed
robbery).  We hold that factually sufficient evidence supports the verdict.

Exclusion of Evidence

          In his third
issue, Stoval contends that the trial court erred in refusing to admit the
audiotape of his interrogation by Detective Steve Guerra.  Stoval asserts that
the trial court incorrectly ruled that the tape was inadmissible hearsay when
it was actually being offered to attack Guerra’s credibility because it would
have shown Guerra lying to Stoval during the interrogation.  The State responds
that Stoval failed to assert at trial that the statements in the interrogation
tape were necessary to expose an alleged bias or motive of Detective Guerra, and
thus Stoval failed to preserve error.  We agree.

A party offering evidence has the
burden to establish admissibility and, when the theory of admissibility is not
presented to the trial court, argument is not preserved for appellate review.  Johnson
v. State, 963 S.W.2d 140, 142 (Tex. App.—Texarkana 1998, pet. ref’d). 
Stovall did not argue to the trial court that he was relying on Rule 613(b) as
a basis for eliciting testimony from Guerra that he had lied to Stoval during
Stoval’s interrogation.  Stoval also did not request the trial court to rule on
the admissibility of Stoval’s interrogation tape as impeachment to show Guerra’s
bias or interest. See Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App.
1999) (op. on reh’g) (concluding that objection under Rule 608(b) did not
preserve complaint under former Rule 612(b), now Rule 613(b)); Loredo v.
State, 32 S.W.3d 348, 351 (Tex. App.—Waco 2000, pet. ref’d) (concluding
that appellate argument that excluded testimony would have shown bias or motive
was not preserved for appeal because appellant had neither presented such
argument to trial court nor obtained ruling).

Moreover, “[e]rror in the exclusion of evidence may
not by urged unless the proponent perfected an offer of proof or a bill of
exceptions.” Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999).  Stoval
did not make or request the opportunity to make an offer of proof or bill of
exception to identify for the record what the excluded testimony would have
been.  Absent a showing of what such testimony would have been, or an offer of
a statement concerning what the excluded evidence would have shown, nothing is
presented for review.  See id.; see also Tex. R. App. P. 33.2; Tex. R. Evid.
103(a)(2).

We hold that Stoval did not preserve
error as to his third issue, and thus we need not address its merit.








Ineffective Assistance of Counsel

          In his first issue, Stoval contends
that he was denied effective assistance of counsel when his trial attorney
failed to discover, develop or investigate evidence of Stoval’s potentional
mitigating factor of mental retardation.  

Standard of Review

To prevail on
a claim of ineffective assistance of counsel, the defendant must show that (1)
his counsel’s performance was deficient and (2) a reasonable probability exists
that the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of Strickland
requires the defendant to show that counsel’s performance fell below an
objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). Thus, the defendant must prove objectively, by a
preponderance of the evidence, that his counsel’s representation fell below
professional standards.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  The second prong requires the defendant to show a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; see also Thompson, 9 S.W.3d at 812.
 “A [reviewing] court [should] indulge a strong presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance; that
is, the defendant must [also] overcome the presumption that, under the circumstances,
the challenged action ‘might be considered sound trial strategy.’” Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. “Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.” Thompson, 9 S.W.3d at 813 (citing McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  “Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and lacking in tactical or strategic
decision making as to overcome the presumption that counsel’s conduct was
reasonable and professional.”  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Analysis

          Stoval asserts that his
trial counsel focused only on competency and sanity and failed to investigate
his mental retardation through available information.  In criminal cases,
competency is a criminal defendant’s ability to stand trial, measured by the
capacity to understand the proceedings, to consult meaningfully with counsel,
and to assist in the defense.  Tex.
Code Crim. Proc. Ann. art. 46B.003 (Vernon 2006).  

During interviews between Stoval and
his trial counsel, Stoval never appeared to demonstrate difficulty in understanding
his attorney.  After the trial, Stoval’s performance on an IQ test was 80 with
an error in measurement of plus or minus five points.  Scores ranging from
65-75 indicate mild mental retardation.  During the motion for new trial,
Stoval offered no evidence of retardation other than his post-conviction
performance on the intelligence test.  Based on her evaluation of Stoval’s test
scores, his mental health expert described him as “borderline retarded.”  But
she agreed that, even with an IQ of 75, Stoval is able to function, hold a job,
and be educated.  She further acknowledged that, based on the range of
possibilities, Stoval could be of low average intelligence.

Also, during the hearing on Stoval’s
motion for new trial, Stoval’s trial counsel testified that he did not have any
reason to believe that Stoval was mentally retarded.  Stoval’s trial counsel met with him, his
mother and brother many times and also hired a private investigator.  No one
indicated to Stoval’s counsel that Stoval might be mentally retarded or that he
had exhibited behavior to suggest it.  Nothing in his jail medical records
indicated mental retardation.  Although Stoval’s counsel was aware that Stoval
dropped out of ninth grade twice, Stoval’s mother told him that it was because
Stoval was hanging around with the wrong crowd and because of Hurricane
Katrina.  No one suggested that Stoval had dropped out of school because of an
inability to grasp the curriculum.  Moreover, Stoval’s mother testified during
the punishment phase of the trial that Stoval had been a great child growing up
and was a good student when he was in school.  Stoval’s counsel further
testified that because Stoval continued to deny committing the crime, he chose
to not present mitigating evidence based on a theory that Stoval committed the
crime because he was mentally retarded.  Based on this strategic decision, he
did not subpoena Stoval’s school records or more fully investigate Stoval’s
background.

In light of the conflicting evidence
as to the strength of Stoval’s mitigation evidence, Stoval has not shown that
the trial court erried in concluding that Stoval’s trial counsel’s performance did
not fall below that of a competent attorney.  Thus, we hold that Stoval
fails to prove the first prong of the Strickland test for ineffective
assistance.

Conclusion

          We conclude that the
evidence is factually sufficient to support the jury’s verdict and that Stoval
did not preserve error as to the admissibility of evidence.  We further
conclude that Stoval received constitutionally effective assistance of
counsel.  We therefore affirm the trial court’s judgment.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish.  Tex. R. App. P. 47.4.