

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00243-CR

**RICARDO SANCHEZ ENRIQUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-1925-C1**

_____

## MEMORANDUM OPINION

_____

A jury convicted Ricardo Sanchez Enriquez of two counts of indecency with a child and sentenced him to thirteen years in prison. In two issues, Enriquez challenges: (1) the absence of an instruction on community supervision in the punishment charge; and (2) the limitation of his cross-examination of a witness. We affirm.

### PUNISHMENT CHARGE

In issue one, Enriquez contends that the trial court erred by failing to instruct the jury, in the punishment charge, as to the community supervision conditions applicable

to cases involving sexual abuse of a child and child abuse. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 13B (Vernon Supp. 2009); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 14 (Vernon Supp. 2009).

A trial court is not required to include a list of the statutory terms and conditions of community supervision in the jury charge on punishment. *See Yarbrough v. State*, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989); *see also Loun v. State*, 273 S.W.3d 406, 419 (Tex. App.—Texarkana 2008, no pet.); *Croft v. State*, 148 S.W.3d 533, 540 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Wade v. State,* 951 S.W.2d 886, 893 (Tex. App.—Waco 1997, pet. ref'd). "[F]ailure to enumerate all of the terms and conditions [of community supervision] is not considered harmful to the accused or restrictive of the court's authority." *Wade*, 951 S.W.2d at 893. Accordingly, we overrule issue one.

## CROSS-EXAMINATION

In issue two, Enriquez challenges the trial court's limitation of his cross-examination of State's witness, T.C.

The complainant, J.E., told T.C. that she had been inappropriately touched by Enriquez. In a written statement, T.C. indicated that she had been sexually assaulted and knew what J.E. was experiencing. Defense counsel sought permission to ask T.C. about whether she could relate to J.E. because of her own prior experience. The defense argued that the question was relevant to whether anyone was prosecuted for assaulting T.C. and whether she and J.E. discussed what could happen if J.E. told someone about Enriquez. The trial court sustained the State's objection to these questions.

On appeal, Enriquez challenges the limitation of his cross-examination on grounds that: (1) Rule of Evidence 613(b) allows a witness to be impeached with evidence of bias or interest; and (2) his rights to confront and cross-examine T.C. were violated. The State contends that error is not preserved because these specific complaints do not comport with those presented to the trial court. We agree.

At no time did the defense inform the trial court that the questions were proper under Rule 613(b) or that a refusal to allow the questioning would violate Enriquez's confrontation rights. Because these complaints were not raised at trial, issue two is not preserved for appellate review. *See Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (confrontation clause); *see also Loredo v. State*, 32 S.W.3d 348, 351 (Tex. App.—Waco 2000, pet. ref'd) (Rule 613(b)); *Melchor v. State*, No. 01-05-00630-CR, 2006 Tex. App. LEXIS 2958, at *12-13 (Tex. App.—Houston [1st Dist.] Apr. 13, 2006, pet. ref'd) (not designated for publication) (same).

The trial court's judgment is affirmed.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed August 11, 2010
Do not publish
[CR25]

\*      (Chief Justice Gray concurs in the Court's judgment but not the memorandum opinion, in particular the method of disposition of the second issue discussed in the memorandum opinion.  A separate opinion will not issue.)