IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00243-CR

 

Ricardo Sanchez Enriquez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2008-1925-C1

 



MEMORANDUM Opinion



 

A jury convicted Ricardo Sanchez
Enriquez of two counts of indecency with a child and sentenced him to thirteen
years in prison.  In two issues, Enriquez challenges: (1) the absence of an
instruction on community supervision in the punishment charge; and (2) the
limitation of his cross-examination of a witness.  We affirm.

PUNISHMENT CHARGE

In issue one, Enriquez contends that the
trial court erred by failing to instruct the jury, in the punishment charge, as
to the community supervision conditions applicable to cases involving sexual
abuse of a child and child abuse.  See Tex. Code Crim.
Proc. Ann. art. 42.12 § 13B
(Vernon Supp. 2009); see
also Tex. Code Crim. Proc. Ann.
art. 42.12 § 14 (Vernon Supp. 2009).

A trial court is not required to include
a list of the statutory terms and conditions of community supervision in the
jury charge on punishment.  See Yarbrough
v. State, 779 S.W.2d
844, 845 (Tex. Crim. App. 1989); see also Loun v. State, 273 S.W.3d 406,
419 (Tex. App.—Texarkana 2008, no pet.); Croft v. State, 148 S.W.3d 533,
540 (Tex. App.—Houston [14th Dist.] 2004, no pet.); Wade v. State, 951 S.W.2d 886, 893 (Tex. App.—Waco
1997, pet. ref’d).  “[F]ailure
to enumerate all of the terms and conditions [of community supervision] is not
considered harmful to the accused or restrictive of the court’s authority.”  Wade, 951 S.W.2d at 893.  Accordingly, we overrule issue one.

CROSS-EXAMINATION

In issue two, Enriquez challenges the
trial court’s limitation of his cross-examination of State’s witness, T.C.

The complainant, J.E., told T.C. that
she had been inappropriately touched by Enriquez.  In a written statement, T.C.
indicated that she had been sexually assaulted and knew what J.E. was
experiencing.  Defense counsel sought permission to ask T.C. about whether she
could relate to J.E. because of her own prior experience.  The defense argued
that the question was relevant to whether anyone was prosecuted for assaulting
T.C. and whether she and J.E. discussed what could happen if J.E. told someone
about Enriquez.  The trial court sustained the State’s objection to these
questions.

On appeal, Enriquez challenges the
limitation of his cross-examination on grounds that: (1) Rule of Evidence
613(b) allows a witness to be impeached with evidence of bias or interest; and
(2) his rights to confront and cross-examine T.C. were violated.  The State
contends that error is not preserved because these specific complaints do not
comport with those presented to the trial court.  We agree.

At no time did the defense inform the trial
court that the questions were proper under Rule 613(b) or that a refusal to
allow the questioning would violate Enriquez’s confrontation rights.  Because
these complaints were not raised at trial, issue two is not preserved for
appellate review.  See Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (confrontation clause); see also Loredo v. State, 32 S.W.3d 348, 351 (Tex. App.—Waco
2000, pet. ref’d) (Rule 613(b)); Melchor v. State, No. 01-05-00630-CR, 2006 Tex. App. LEXIS 2958, at *12-13
(Tex. App.—Houston [1st Dist.] Apr. 13, 2006, pet. ref’d) (not designated for
publication) (same).

The trial court’s judgment is affirmed.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed August 11, 2010

Do not publish

[CR25]

 

*           (Chief
Justice Gray concurs in the Court’s judgment but not the memorandum opinion of
the Court, in particular the method of disposition of the second issue
discussed in the memorandum opinion.  A separate opinion will not issue.)

 






n
style='font-family:"Palatino","serif"'>FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Reversed and
remanded

Opinion
delivered and filed October 21, 2009

Do not publish

[CR25]